IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MERRELL JEFFREYS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-19-3137 |
| WAYNE HILL, *Commissioner*, | * | |
| Defendant | * | |

****************************************************************

| | | |
|---|---|---|
| MICHAEL MERRELL JEFFREYS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-18-3837 |
| WARDEN CASEY CAMPBELL and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

***

**MEMORANDUM OPINION**

Plaintiff Michael Merrell Jeffreys, an inmate presently incarcerated at Jessup Correctional Institution in Jessup, Maryland, filed a civil rights complaint which opened Civil Action No. DKC 19-3137 on October 28, 2019. Civil Action No. DKC 19-3137, ECF No. 1. Jeffreys did not pay the filing fee nor did he file a motion for leave to proceed *in forma pauperis*. Rather, Jeffreys filed a motion requesting that the court waive the filing fees, claiming that the $400 filing fee is a "great burden" and would "greatly diminish[]" his inmate account. Civil Action No. DKC 19-3137, ECF No. 2. Jeffreys has not provided grounds that distinguish him from other indigent plaintiffs that would justify waiving the filing fee in this case. Thus, his motion will be denied.

In the civil rights complaint docketed as Civil Action No. DKC 19-3137, Jeffreys presents the same claims that he presented to this court in a Petition for Writ of Habeas Corpus filed on

December 13, 2018, and docketed as Civil Action No. DKC 18-3837 which also is currently pending. In that petition, he complains that the Maryland authorities have not provided a proper commitment record. *Compare Jeffreys v. Hill*, Civil Action No. DKC 19-3137, ECF No. 1 at 7-8 *with Jeffreys v. Campbell, et al.*, Civil Action No. DKC 18-3837, ECF No. 1 at 13-15. In the newer civil rights action, Jeffreys adds information about proceedings that have transpired in state court within the past year, and he includes a request for $400,000 in monetary damages.

Respondents filed a limited answer in the habeas case (Civil Action No. DKC 18-3837), pointing out that Petitioner had previously sought habeas relief in this court. *See Michael M. Jeffreys-Bey v. John Wolfe*, Civil Action No. DKC-13-3694 (which construed Jeffreys' filing as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and dismissed and denied it with prejudice as time-barred under 28 U.S.C. § 2244(d)(1)(A-D)). Under 28 U.S.C. § 2244, a Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). If the pending Petition is successive, this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Petitioner has not complied with this "gatekeeper" provision, and the pending application for habeas corpus relief likely must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The newer civil rights action also challenges the execution of Petitioner's sentence and complains about the lack of a proper commitment. In *In re Wright*, 826 F.3d 774, 779 (4th. Cir. 2016), the Fourth Circuit directed that "regardless of how they are styled, federal habeas petitions

of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence." And, the court held that any habeas petition, even one that challenges the execution of a state sentence, rather than its validity, is subject to the second-or-successive authorization requirement set forth in 2244(b)(3). The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain an authorization Order. The procedural requirements and deadlines are extensive, and the Clerk will provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition.

In light of these procedural requirements, it may be efficient for Mr. Jeffreys to apply to the Fourth Circuit for permission to file a second or successive habeas petition, including all of the information he now has available, rather than proceeding with the separate civil rights complaint. Accordingly, Mr. Jeffreys is granted twenty-eight days from the date of this Order to notify the court whether, in light of the information provided, he wants to proceed with the 42 U.S.C. § 1983 claims instead, in which case he would either be required to pay the full $400 filing fee or, if he is granted leave to proceed *in forma pauperis* and charged monthly payments under the Prison Litigation Reform Act, payments not to exceed $350. If Jeffreys does not respond within the time granted, the court will construe the filing as a supplement to the 28 U.S.C. § 2254 Petition, and the original and supplemental petition will be dismissed as second-or-successive.

A separate Order follows.

November 19, 2019                                                                 /s/
                                                                      DEBORAH K. CHASANOW
                                                                      United States District Judge