IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MERRELL JEFFREYS,  *

   Plaintiff,  *

      v.  *   Civil Action No. DKC-19-3137

WAYNE HILL,  *

   Defendant.  *
                                 ***

**MEMORANDUM OPINION**

Self-represented plaintiff Michael Merrell Jeffreys, currently incarcerated at Jessup Correctional Institution in Jessup, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983 against Commissioner Wayne Hill, alleging that he is confined under an improper confinement order. ECF No. 1. Plaintiff seeks monetary damages. *Id.*

On April 6, 2020, Defendant filed a motion to dismiss. ECF No. 11. In response, Plaintiff filed a document styled as a "Motion for Directed Verdict" on April 27, 2020. ECF No. 16. The court will construe this document as an opposition to Plaintiff's motion to dismiss, seeking judgment in his favor. Defendant filed a reply to Plaintiff's opposition on July 27, 2020. ECF No. 18. Subsequently, Plaintiff filed a "Motion a Fortiori," on August 10, 2020, and two motions for the clerk to issue order of the court, one filed August 27, 2020, and another filed September 8, 2020. ECF Nos. 19, 20, 22. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the court will grant Defendant's motion to dismiss and deny Plaintiff's motions.

**Background**

The complaint alleges that Plaintiff is currently confined based on a void commitment order. ECF No. 1 at 7. Plaintiff states that on March 17, 1989, the Circuit Court for Prince

George's County sentenced him on five counts: (1) life sentence with all but 10 years suspended for first-degree murder, (2) five years consecutive to Count 1 for the use of a handgun in the commission of a crime of violence, (3) ten years concurrent to Count 1 for conspiracy to commit murder, (4) life sentence consecutive to Counts 1 and 2 for first degree murder, and (5) five years concurrent with Count 4 for use of a handgun in commission of a crime of violence. *Id.* at 3-4. In 2017, Plaintiff made a Maryland Public Information Act request for the commitment order to be produced but did not receive the requested order. *Id.* at 4.

Thereafter, Plaintiff filed a petition for judicial review in the Circuit Court for Prince George's County to compel production of the order. *Id.* at 5. Plaintiff asserts that on March 1, 2019, the State court held a hearing on the petition at which time the court determined that Plaintiff had started serving a 10-year sentence for Count 1 on March 21, 1988, a 5-year sentence for Count 2 on March 21, 1998, and a life sentence on Count 4 on March 21, 2003. *Id.* Plaintiff states that the State court indicated that a new commitment order would be issued, but a new order was never issued. *Id.* at 6. Plaintiff asserts that the Department of Corrections ("DOC") does not have a valid commitment order indicating that Plaintiff is currently serving any specified sentence. *Id.* Plaintiff claims that the DOC is therefore violating its own policy and that Defendant has abused his discretion in calculating Plaintiff's sentence without a commitment order. *Id.* at 6, 8. Plaintiff asserts that the DOC cannot confine him without a new commitment order. *Id.* at 8.

## Standard of Review

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v.*

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.* at 555.  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for

3

relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

**Analysis**

Plaintiff's complaint against Defendant Wayne Hill shall be dismissed as Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff claims that on July 8, 2019, Defendant "abused his discretion by applying the Court Order, issued on 3-5-2019, to Plaintiff's void commitment order, issued 3-17-1989, to unlawfully confine Plaintiff within DOC." ECF No. 1 at 7.

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore State's Att'y Office*, 767 F.3d 379, 402 (4th Cir. 2014). Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In analyzing a § 1983 claim, a court must first identify "the specific constitutional right allegedly infringed." *Albright,* 510 U.S. at 271. Here, Plaintiff does not allege that Defendant has violated any specific constitutional right, rather that he "abused his discretion." ECF No. 1 at 7. Moreover, liability under § 1983 attaches only upon personal participation by a defendant in the alleged constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Plaintiff's allegations fail to plead any claims which demonstrate that Defendant personally took any actions resulting in the allegedly

4

invalid commitment order. As such, Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983 and the complaint shall be dismissed.

Even if Plaintiff had successfully stated a § 1983 claim, it appears moot as an amended commitment order was issued by the State court on February 7, 2020, along with a clarification order stating that ambiguities in the commitment order had been resolved in Plaintiff's favor. ECF Nos. 16-5, 16-9. Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). The amended commitment order indicates that Plaintiff is confined pursuant to sentences on five convictions: (1) ten years for first-degree murder, (2) five years consecutive to Count 1 for use of a handgun in commission of a crime of violence, (3) ten years concurrent to Count 1 for conspiracy to commit murder, (4) a life sentence consecutive to Count 1 for first degree murder,[1] and (5) five years concurrent with Count 4 for use of a handgun in commission of a crime of violence. ECF Nos. 11-2, 16-9. As Plaintiff is in custody pursuant to this amended commitment order, there is no active case or controversy before the court.

Plaintiff's motion a fortiori requests that, based on his allegation that he is being held on an invalid commitment order, he should be released from custody immediately. ECF No. 19 at 5.

---

[1] In Plaintiff's motion a fortiori, he asserts that there is an ambiguity on the amended commitment order as it states "0 years" for Count 4 of first-degree murder. ECF No. 19 at 2. However, the amended commitment order indicates under Count 4 that it is a "Life sentence consecutive to Count 1." ECF No. 11-2 at 1. Moreover, the order that was issued with the amended commitment order clarifies that Plaintiff was sentenced to serve a life sentence for Count 4, consecutive to Count 1. ECF 16-5.

Upon the filing of this complaint, the court gave Plaintiff the opportunity to indicate whether he wanted this complaint treated as a claim for relief under 42 U.S.C. § 1983 or as a supplement to his then pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, docketed at Civil Action DKC-18-3837.  ECF No. 3.  Plaintiff responded indicating that this action was intended to be separate from his pending § 2254 petition.  ECF No. 6 at 3.  Accordingly, Plaintiff's request for immediate release will not be considered and Plaintiff's motion a fortiori is denied.  Plaintiff's motions for the clerk to issue an order of court similarly request that the court rule in Plaintiff's favor and order his immediate release.  These motions are denied on the same grounds.  *See* ECF Nos. 20, 22.

## Conclusion

Plaintiff's motions are denied, Defendant's motion to dismiss is granted and Plaintiff's claim against Defendant is dismissed.  A separate order will follow.

November 3, 2020                                  /s/
                                             DEBORAH K. CHASANOW
                                             United States District Judge